Argued March 9, affirmed March 16, 1960

# MANUFACTURERS TRUST CO. *v.* NELSON
### 350 P. 2d 169

*Francis F. Yunker,* Portland, argued the cause and filed a brief for appellant.

*Philip A. Levin,* Portland, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Warner, Sloan and Duncan, Justices.

McALLISTER, C. J.

This action was brought by Manufacturers Trust Company, a New York bank, against defendant, Nelson Distributing Company, for conversion of a bill of lading. The lower court tried the case without a jury and found for the plaintiff. Defendant appeals.

Defendant is in the business of selling glass heating units and under an agreement of June 19, 1954, it became a distributor for Continental Radiant Glass Heating Corporation of New York. The merchandise which was shipped to defendant under the agreement was covered by bills of lading and sight drafts which were ordinarily placed with the plaintiff bank for collection and plaintiff, in turn, mailed the documents to its local correspondent bank, The United States National Bank of Portland, for collection. On August 23, 1955, defendant ordered from Continental 400 radiant heating panels which were shipped in lots of 100 panels each. The amount of each shipment was $2,850. Continental endorsed in blank the four bills of lading issued on said shipments and drew four sight drafts to the order of plaintiff on defendant in the sum of $2,850 each. Plaintiff mailed said documents to its local correspondent bank for collection, but through inadvertence the sight draft and bill of lading covering one shipment were addressed to the U. S. National Bank of Portland at the street address of defendant. The bill of lading and sight draft were received by

defendant who used the bill of lading to obtain possession of the merchandise without paying the sight draft. Defendant thereafter refused to pay the draft contending that pursuant to an agreement with Continental it was entitled to certain advertising credits and discounts and that the amount of these unpaid credits and discounts was in excess of the amount of the sight draft in question.

We have carefully reviewed the record and find no merit in defendant's only assignment of error. The judgment is affirmed.